Mr. Justice Clayton
delivered the opinion of the court.
This is an action of assumpsit, brought to recover tolls alleged to be due from the defendants in error, to the plaintiffs, for the passage of their stages over a turnpike road, for the space of three years. There was a demurrer to the declaration, which was sustained in the court below, and judgment rendered for the defendants.
The plaintiffs claim under a transfer of the franchise from the original grantees. Several causes of demurrer are assigned, part, only, of which need be considered. The second cause states that the title to the turnpike is not sufficiently set out; the third, that it does not appear that the transfer was by deed; and fourth, that no title to the turnpike is shown, nor any authority to charge tolls.
*379 The declaration contains two counts; the first alleges that the defendants were indebted to the plaintiffs for certain tolls, due for passage on and over the turnpike road of the plaintiffs, which had been duly granted by an act of the legislature of the state of Mississippi to G. & G. Lincecum, and by them transferred and assigned to the plaintiffs.
The second count is substantially the same, except that it alleges that the franchise was granted by the board of police of Octibbeha county, they having jurisdiction of the same, and being lawfully authorized so to do.
We cannot perceive any valid objection to this declaration. It is, in all respects, as full as the forms contained in the books. There is no necessity that the transfer should be by deed. The grant of franchise, the transfer, the authority to exact toll, are all matters of evidence. It is no more necessary to make pro-ferí of them in the declaration, than it is to set out the title papers for land in an action for its use and occupation.
The judgment is reversed and cause remanded.